**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2264-16T2

WELLS FARGO BANK, N.A., as
Trustee for Option One
Mortgage Loan Trust 2007-3,
Asset-Backed Certificates,
Series 2007-3,

 Plaintiff-Respondent,

v.

DARREN JAMES and ADRIENNE
JAMES,

 Defendants-Appellants,

and

JERSEY SHORE UNIVERSITY
MEDICAL CENTER,

 Defendant.

_____

   Argued May 30, 2018 — Decided June 27, 2018

   Before Judges Koblitz and Manahan.

   On appeal from Superior Court of New Jersey,
   Chancery Division, Monmouth County, Docket No.
   F-026877-12.

   Darren James, appellant, argued the cause pro
   se.

Brian J. Slipakoff argued the cause for respondent (Duane Morris LLP, attorneys; Brett L. Messinger, Brian J. Slipakoff, and Kelly K. Huff, of counsel and on the brief).

PER CURIAM

In this residential foreclosure case, defendants Darren and Adrienne James appeal from an October 23, 2015 order granting plaintiff Wells Fargo's summary judgment motion and a December 16, 2016 final judgment. We affirm.

Wells Fargo initially brought a foreclosure complaint on November 12, 2012, as a result of defendants' 2011 default on their mortgage payments. The defendants answered and counterclaimed, arguing Wells Fargo did not have standing to bring the complaint because they did not possess the note at the time the complaint was filed, committed fraud in violation of the New Jersey Home Ownership Security Act of 2002, N.J.S.A. 46:10B-22 to -68, and violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -210.

After initially denying summary judgment without prejudice on April 19, 2013, due to Wells Fargo's failure to provide an affidavit attesting that it had possession of the note prior to filing the complaint, the trial court eventually granted summary judgment in favor of Wells Fargo, striking defendants' counterclaims and the contesting answer. On April 2, 2015, the

foreclosure action was administratively dismissed without prejudice for lack of prosecution under Rule 4:64-8. The trial court reinstated the action on Wells Fargo's motion and allowed Wells Fargo to amend the complaint, which defendants opposed.

Wells Fargo moved once again for summary judgment, which the trial court granted, stating that the trial court's previous grant of summary judgment disposed of defendants' defenses and that defendants' opposition consisted of those same previous defenses, and were thereby barred by res judicata and collateral estoppel. After various other unsuccessful applications by defendants, final judgment was entered on December 16, 2016, and defendants' subsequent motion to vacate judgment was denied.

Defendants submitted a pro se appellate brief. Essentially, defendants make the same arguments that they have made since the beginning of the action, namely, that Wells Fargo lacked standing to bring the action and that Wells Fargo violated several laws, including the New Jersey Home Ownership Security Act of 2002 (HOSA), N.J.S.A. 46:10B-22 to -68, and the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -210. Defendants also argue the trial court erred in hearing Wells Fargo's first motion for summary judgment because it was seventeen days before trial, contrary to Rule 4:46, and erred in allowing Wells Fargo to amend the complaint in violation of Rule 4:9-1. Defendants also accuse

the trial court judge of bias in favor of Wells Fargo and complicity in Wells Fargo's allegedly fraudulent conduct.

Defendants further allege fraud in connection with a prior mortgage. Defendants executed the subject mortgage and note on January 5, 2007, in the amount of $350,200. Defendants' prior mortgage was paid off with this refinancing. Wells Fargo possessed the note since April 12, 2007. Wells Fargo was assigned the mortgage on October 27, 2008. A "Corrective Assignment of Mortgage" to Wells Fargo was recorded on September 18, 2012.

On the record at defendants' motion to amend their answer, now presided over by a different judge, the trial court found defendants' motion to amend was untimely because it was filed two months after the close of discovery and the motion provided no legal basis to allow defendants to amend their answer. As to Wells Fargo's summary judgment motion, the court found defendants executed the note and mortgage and subsequently defaulted on the loan. The court also found Wells Fargo was validly assigned the mortgage and had physical possession of the note prior to filing the foreclosure complaint. The court concluded that defendants' affirmative defenses and counterclaims were unsupported by fact or law, and granted Wells Fargo's motion for summary judgment.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Conley v.

Guerrero, 228 N.J. 339, 346 (2017). We consider, as the trial judge did, "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp. v. Nowell Amoroso, PA, 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

"To defeat a motion for summary judgment, the opponent must 'come forward with evidence' that creates a genuine issue of material fact." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the motion." Puder v. Buechel, 183 N.J. 428, 440-41 (2005).

"As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt" to demonstrate it has standing to bring the foreclosure action. Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). To show ownership or control, the plaintiff must establish there was a valid assignment of the mortgage or possession of the original note that pre-dated the complaint. Ibid. "[E]ither possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (emphasis added).

Defendants claim Wells Fargo did not possess the note at the time of the filing of the foreclosure complaint because the previous note holder, United Community Bank, allegedly committed a fraud in that it claimed to have lost the note but really had previously assigned the note to a different lender. Defendants, however, fail to adequately explain how this lost note affidavit affected the subsequent note that defendants executed when they refinanced their home, which created the underlying debt subject to this action.

Wells Fargo produced a certified copy of the original note and certified that it had been in possession of the note since

April 12, 2007. Additionally, Wells Fargo provided evidence of a valid assignment of the mortgage that occurred prior to the filing of the foreclosure complaint.

Defendants failed to introduce any competent evidence to rebut Wells Fargo's assertions and proofs. They instead rely on the first denial of summary judgment, for failure to produce an affidavit of assignment, to argue the trial court already ruled defendant did not have standing and accuse the second judge of bias in favor of Wells Fargo. The first judge, however, did not rule that Wells Fargo did not have standing, but rather simply dismissed its initial summary judgment motion for failing to provide a certification within the ordered timeframe.

Because Wells Fargo was in possession of the original note and had a valid assignment of the mortgage, it had standing to bring the foreclosure complaint. Angeles, 428 N.J. Super. at 318. Defendants' claims that Wells Fargo violated HOSA and the CFA are completely unsupported.

Defendants also argue it was error for the trial court to hear Wells Fargo's second motion for summary judgment because the return date for the motion was less than thirty days before the trial date scheduled by the previous judge presiding over the case. Wells Fargo filed the motion for summary judgment on

September 27, 2013, returnable on October 25, 2013, and according to defendants, trial was scheduled for November 11, 2013.[1]

Rule 4:46-1 states in pertinent part that "motions for summary judgment shall be returnable no later than 30 days before the scheduled trial date, unless the court otherwise orders for good cause shown." The "'unless otherwise ordered' language contemplates scheduling by the court, prior to trial, either sua sponte or upon a showing of good cause by the movant." Seoung Ouk Cho v. Trinitas Reg'l Med. Ctr., 443 N.J. Super. 461, 471 (App. Div. 2015). We have refused to hold "that the summary judgment rules establish rigid requirements that must be met in every case for due process demands to be satisfied." Id. at 473. The court exercised its sound discretion in scheduling argument on Wells Fargo's summary judgment motion.

Defendants' remaining arguments are without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] The record does not provide the scheduled trial date. We accept the date provided by defendants.

A-2264-16T2